UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

BOBBY LEE THOMPSON,

        Petitioner,        3:14-cv-0158-CL

        v.        REPORT AND RECOMMENDATION

UNITED STATES DISTRICT COURT, et al.,

        Respondents.

CLARKE, Magistrate Judge.

    Petitioner, an federal inmate at FCI Sheridan filed a petition under 28 U.S.C. § 2241 challenging drug offense conviction in the Central District of California.

    Petitioner's Application to proceed *in forma pauperis* (#1) is allowed. However, for the reasons set forth below the petition should be denied and this proceeding should be dismissed *sue sponte* for lack of jurisdiction.

1 - FINDINGS AND RECOMMENDATION

A federal inmate may challenge his sentence under two main statutes, 28 U.S.C. § 2241 and § 2255. A § 2241 petition generally challenges the *execution* of a sentence such as the "manner, location, or condition" of confinement. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Motions under § 2255 are the proper way to challenge the *imposition* of a sentence. Specifically, pursuant to 28 U.S.C. § 2255, a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Generally, all "motions to contest the legality of a sentence must be filed under § 2255." *Hernandez*, 204 F.3d at 864. The exception to this rules arises when § 2255 is considered "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows inmates to challenge the imposition of a sentence under § 2241. *Hernandez*, 204 F.3d at 864 n. 2.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining if the petitioner has established: 1) that he is "actually innocent" of his convicted crimes; and 2) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. *Muth v. Fondren*, 676 F.3d

2 - FINDINGS AND RECOMMENDATION

815, 819 (9th Cir. 2012) *citing Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006). Unless a petitioner can meet these two requirements for § 2241 escape hatch jurisdiction, he must challenge the legality of his sentence through a § 2255 motion in the sentencing court.

In the Ninth Circuit, "actual innocence" in the context of the § 2255 escape hatch provision, requires a petitioner to show that "in the light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Muth*, 676 F.3d at 819, 822 *citing Stephens*, 464 F.3d at 898.

In this case, petitioner's petition and supporting argument merely reiterates the evidence that was presented and rejectd at his trial, appeal and § 2255 proceeding. Petitioner has failed to present any new evidence that would show it is more likely than not that no reasonable juror would have convicted him.

In addition, petitioner's own description of the procedural history of his conviction and appeals indicates that he has had a "clear procedural shot" at presenting the claims he alleges in this proceeding.

Petitioner's 2241 petition is in essence a improper § 2255 petition and should be denied and dismissed for lack of jurisdiction. The Clerk of the court should be directed to enter a judgment dismissing this proceeding.

3 - FINDINGS AND RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 21 day of February, 2014.

Mark D. Clarke
United States Magistrate Judge

4 - FINDINGS AND RECOMMENDATION